UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS PATRICK,<br><br>            Petitioner,<br><br>    v.<br><br>J. LIZARRAGA, Warden,<br><br>            Respondent. | No. SA CV 17-1018-DMG (PLA)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION AS UNEXHAUSTED AND/OR UNVERIFIED** |

**I.**

**BACKGROUND**

Nicholas Patrick ("petitioner") initiated this action on June 13, 2017, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("2017 Petition" or "2017 Pet."). The 2017 Petition challenges petitioner's May 21, 2015, conviction in the Orange County Superior Court, case number 14WF2607, for willful infliction of corporal injury (Cal. Penal Code § 273.5(a)) and simple assault (Cal. Penal Code § 240). (2017 Pet. at 2).

The Court observes that on January 20, 2016, petitioner filed an earlier habeas petition in this Court, in case number SA CV 16-85-DMG (PLA) ("SA CV 16-85"), also challenging his 2015 conviction ("2016 Petition"). On February 22, 2016, petitioner voluntarily dismissed case number SA CV 16-85 after the Court ordered petitioner to show cause why the 2016 Petition should not

be dismissed as unexhausted, as barred by the Younger abstention doctrine, and/or for failure to name a proper respondent, and subsequently finding that petitioner's February 16, 2016, Second Amended Petition suffered from the same deficiencies as the original 2016 Petition. (SA CV 16-85, ECF Nos. 4, 8, 9, 11).

In this action, although petitioner represents that he filed a petition for review with the California Supreme Court of the California Court of Appeal's decision in case number G052444 (2017 Pet. at 3), a review of the California Supreme Court's website does not reflect that a petition for review was ever filed by petitioner challenging that decision.[1] Additionally, petitioner admits that the only habeas petition he filed challenging his 2015 conviction was filed in the Orange County *Superior* Court. (Pet. at 3, 5-6). It appears, therefore, that petitioner's claims have still not been exhausted in the California Supreme Court and the action is subject to dismissal.

## II.
## DISCUSSION

### A. EXHAUSTION

As petitioner was previously advised in case number SA CV 16-85 (ECF No. 4), as a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §

---

[1] See http://appellatecases.courtinfo.ca.gov; Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings.).

2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the *state supreme court* even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. Cal. Dep't of Corr., 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, although petitioner represents that he filed a petition for review with the California Supreme Court (2017 Pet. at 3), a review of the California Supreme Court's website does not reflect that petitioner ever filed a petition for review (or any other petition) in that court challenging the court of appeal decision in appellate case number G052444, in which he challenged his 2015 conviction. In addition, petitioner admits that the only habeas petition he filed in the state courts challenging his 2015 conviction was filed in the Orange County *Superior* Court on May 4, 2016, and was denied by that court. (Id.). Petitioner also clearly indicates in the 2017 Petition that he did *not* raise his grounds for relief 2-5 on direct appeal to the California Court of Appeal, or in a petition for review or habeas petition to the California Supreme Court; he did not answer these questions with respect to ground 1. (See 2017 Pet. at 5-6). It appears, therefore, that none of petitioner's claims has been exhausted in the California Supreme Court.

1  As the 2017 Petition appears to be unexhausted, it is subject to being dismissed without
2  prejudice. Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

**B.  FAILURE TO COMPLETE THE PETITION OR SUBMIT FILING FEE**

The Court observes that petitioner did not properly complete his 2017 Petition because he failed to provide form page 7 -- which seeks additional information regarding previous filings in the California Supreme Court and in the federal courts -- and form page 8, which also seeks information about previous filings, and which also includes a declaration to be signed by petitioner (or his attorney) certifying under penalty of perjury that the information in the 2017 Petition is true and correct. A petition for writ of habeas corpus must be "signed and verified by the person for whose relief it is intended or by someone acting on his behalf." 28 U.S.C. § 2242. Petitioner's failure to sign the 2017 Petition, by itself, warrants dismissal. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) ("The district court may refuse to file, or may dismiss, an unsigned and unverified petition.") (citing In re Application of Gibson, 218 F.2d 320 (9th Cir. 1954) (affirming the district court's refusal to file an unverified petition)).

The Court also notes that petitioner did not pay the appropriate filing fee of $5.00, or submit a request to proceed without payment of the filing fee (in forma pauperis).

**C.  ORDER**

Accordingly, **no later than July 14, 2017**, petitioner is ordered to show cause why the 2017 Petition should not be dismissed as fully unexhausted and/or as unverified. To avoid dismissal, petitioner must (1) file proof with this Court that all of his grounds for relief have previously been presented to the California Supreme Court, **by providing this Court with (a) a complete copy of the petition for review and/or state habeas petition that petitioner filed in the California Supreme Court raising those claims, and (b) proof that it has been filed in that court**; and (2) return completed pages 7 and 8 of the Central District's form habeas petition (CV-69). The signature page (page 8) must be **signed and dated by petitioner**. Filing of these documents shall be deemed compliance with this Order to Show Cause. The Court clerk is directed to provide

1 petitioner with a blank copy of pages 7 and 8 from habeas form CV-69 along with this Order. Additionally, if petitioner's habeas action proceeds, petitioner must also submit either the $5.00 filing fee or a request to proceed without payment of the filing fee (in forma pauperis). The Court clerk is directed to provide petitioner with a blank request to proceed in forma pauperis for a habeas action.

Alternatively, if petitioner agrees that the action should be dismissed without prejudice as unexhausted and/or for failure to verify the 2017 Petition, he may file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41"), and return to the state courts to exhaust in the California Supreme Court whatever claim(s) he may wish to later bring in this Court. Rule 41 allows for the voluntary dismissal of an action by a petitioner without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987). Respondent has not yet been served with the Petition and, therefore, has not filed either an answer or any other pleading. The Court clerk is directed to send petitioner a copy of a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)" along with this Order to Show Cause. If petitioner chooses this option, however, he must be mindful of the one-year limitation period under the AEDPA, which imposes a one-year period of limitation for state prisoners to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

Petitioner is advised that his failure to timely file a response to this Order, as set forth herein, will result in the 2017 Petition being dismissed as unexhausted, and/or unverified, and/or for failure to prosecute and follow Court orders. **Petitioner is also advised that the filing of a petition for federal habeas corpus relief does not toll the AEDPA's one-year statute of limitations**. Duncan v. Walker, 533 U.S. 167, 172, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).

DATED: June 16, 2017

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

5